# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

|  |  |
|---|---|
| CITIBANK, N.A. | |
| Plaintiff, | 2:12-cv-00743-MMD -VCF |
| vs. | **REPORT AND RECOMMENDATION TO** |
| GAREGIN SPARTALIAN, | **REMAND PURSUANT TO 28 U.S.C. § 1447(c)** |
| Defendant. | |

## REPORT & RECOMMENDATION

Before the court is the matter of *Citibank, N.A. v. Spartalian* (Case No. 2:12-cv-00743-MMD -VCF).  As discussed below, this court does not have subject matter jurisdiction over this action, and the undersigned U.S. Magistrate Judge recommends remanding the action to state court pursuant to 28 U.S.C. § 1447(c).

### RELEVANT FACTS

On March 23, 2012, plaintiff Citibank filed a complaint in Justice Court, Las Vegas Township, Clark County, Nevada, against defendant Spartalian asserting claims for (1) breach of credit card agreement and (2) unjust enrichment. (#1 Exhibit 1).  On May 3, 2012, defendant Spartalian removed the action to this court based on Federal Question Jurisdiction pursuant to 28 U.S.C. § 1441(b)[1], asserting that the action arises under the Fair Debt Collection Practices Act.  (#1).  On the same day, defendant Spartalian filed a motion to quash.  (#3).  Defendant Spartalian also filed a separate action, *Spartalian v. Citibank N.A. et. al.* (Case No. 2:12-cv-00742-MMD -PAL), asserting claims for (1)

---

[1] Defendant Spartalian removed the action to this court asserting Federal Question jurisdiction based on 28 U.S.C. § 1441(b). (#1).  Section 1441(b) provides for removal based on diversity of citizenship, not Federal Question.  28 U.S.C. § 1441(b).

violations of 15 U.S.C. § 1692, (2) violations of NRS § 649.370, (3) fraud, (4) negligence, (5) violations of the FCRA, (6) defamation, and (7) invasion of privacy/false light against several defendants, including Citibank and Citibank's attorneys Richard A. Russell and Megan Hummel.

On May 8, 2012, defendant Spartalian filed a supplement to the petition for removal (#1), which appears to be identical to the original petition for removal. (#5). On the same day, defendant Spartalian filed two documents: a notice of ERRATA to motion to consolidate (#6) and a motion to consolidate and for reimbursement (#7). On May 17, 2012, the court issued a minute order scheduling a hearing on the motions for June 13, 2012. (#8). On May 21, 2012, plaintiff Citibank filed an answer to defendant Spartalian's complaint, asserting thirty-one affirmative defenses (#9), and an opposition to defendant Spartalian's motion to quash (#10). On May 29, 2012, Citibank filed an answer to defendant Spartalian's complaint in *Spartalian v. Citibank N.A. et. al.* (Case No. 2:12-cv-00742-MMD -PAL).

On June 7, 2012, defendants The Law Offices of Rausch, Sturm, Israel, Enerson & Hornick, LLC, Megan Hummel, Esq., and Richard A. Russell, Esq., (hereinafter "Attorney Defendants") filed an answer to defendant Spartalian's complaint. (#14). On the same day, defendant Spartalian filed a motion to strike or in the alternative motion for more definite statement. (#15). On June 8, 2012, the Attorney Defendants filed an amended answer to defendant Spartalian's complaint. (#17). On the same day, defendant Shelley L. Lanzkowsky filed an answer to defendant Spartalian's complaint (#18), and defendant Lanzkowsky and the Attorney Defendants filed oppositions to defendant Spartalian's motion to quash (#19) and motion to consolidate (#20).

The court held a hearing on June 13, 2012. During the hearing, the court took a short recess to permit the parties to discuss the possibility of settling *Spartalian v. Citibank N.A. et. al.* (Case No. 2:12-cv-00742-MMD -PAL). The parties did not settle the case, but indicated to the court that they may be able to settle if the court permitted additional time. This court recommends that the court enter a sixty-day stay in that action to provide the parties the opportunity to engage in settlement negotiations.

**DISCUSSION**

**A.      Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits.   *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410-411 (11th Cir. 1999).

**1.      Federal Question**

"The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987); *See also Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998) (holding that whether a claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).   Under the "well-pleaded complaint rule," "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Id; See also Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2855-2856 (holding that the federal court has jurisdiction to hear actions based on federal question jurisdiction only "in which a

well-pleaded complaint establishes either that federal law creates the causes of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Removal based on federal question jurisdiction is determined from the complaint as it existed at the time of removal, not as subsequently amended. *Libhart v. Santa Monica Diary Co.,* 592 F.2d 1062, 1065 (9th Cir. 1979). Removal under federal question jurisdiction cannot be based on a counterclaim, cross-claim or third party claim arising under a federal question. *Franchise Tax Board of State of Calif,* 463 US at 10; *Rivet,* 522 US at 475; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 327 (5th Cir. 1998). It is not enough for removal purposes that a federal question arises in connection with some defense, even if the plaintiff anticipated the defense argument. *Caterpillar, Inc.*, 482 U.S. at 393.

At the time of removal, plaintiff Citibank's complaint contained claims for (1) breach of credit card agreement and (2) unjust enrichment. (#1 Exhibit 1). Neither of these claims "arise under" the Constitution, laws, or treaties of the United States. Defendant Spartalian removed the action to this court not based on a "federal question presented on the face" of Citibank's complaint, but based on defendant Spartalian's claim that the action "arises under Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p." (#1). Based on defendant Spartalian's complaint filed in *Spartalian v. Citibank N.A. et. al.* (Case No. 2:12-cv-00742-MMD -PAL), which defendant intended on filing as a cross-complaint, defendant alleges that Citibank and the Attorney Defendants violated the Fair Debt Collection Practices Act in connection with their attempts to collect the debt which is the subject of Citibank's complaint in this action (#1). Defendant Spartalian cannot remove the action to this court based on a federal question arising in a defense, counterclaim and/or cross-complaint. *Franchise Tax Board of State of Calif,* 463 US at 10; *Rivet,* 522 US at 475; *Metro Ford Truck Sales, Inc.,* 145 F.3d at 327.

As no federal question is presented on the face of plaintiff Citibank's complaint, this court does not have jurisdiction under 28 U.S.C. § 1331, and the action was improperly removed to this court. *Id; Caterpillar, Inc.*, 482 U.S. at 392. The court should remand this action pursuant to 28 U.S.C. § 1447(c).

### 2.    Diversity of Citizenship

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. § 1332(a). Section 1441(a) permits a defendant to remove an action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(a). "A civil action otherwise removeable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

When diversity of citizenship is asserted as a basis for removal, diversity must exist both at the time the action is commenced and when the petition for removal is filed. *See Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1131 (9th Cir. 2002). In determining whether a case is removeable based on diversity of citizenship of the parties, the court looks at the face of the complaint. *See* 28 U.S.C. § 1446(b)(1) and (3).

At the time the action was commenced and at the time of removal, defendant Spartalian was a citizen of Nevada, and plaintiff Citibank was a citizen of South Dakota. (#1). Since defendant Spartalian is a citizen of Nevada, and the action was brought in Nevada, the action cannot be removed to this court solely based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2). Even if defendant Spartalian were not a citizen of Nevada, the action would not be removable based on diversity of citizenship, as the amount in controversy in Citibank's complaint is $8,439.33, below the $75,000 requirement. (#1); 28 U.S.C. § 1332(a).

. . .

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the case be REMANDED for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the court enter a sixty-day stay in the matter of *Spartalian v. Citibank N.A. et. al.* (Case No. 2:12-cv-00742-MMD -PAL).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of June, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE