UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIBANK, N.A., <br><br>    Plaintiff, <br><br> v. <br><br> GAREGIN SPARTALIAN, <br><br>    Defendant. | Case No. 2:12-cv-00743-MMD-VCF <br><br> ORDER |

Before the Court is Defendant's objection to the Magistrate Judge's Report and Recommendation (dkt no. 23).  The Court has also reviewed Plaintiff's response (dkt. no. 28).   The Magistrate Judge recommends remand because this case does not present a federal question jurisdiction or diversity jurisdiction.  The Court agrees and adopts the Magistrate Judge's Report and Recommendation ("R&R").  Because this case is remanded, the Court will not consider any pending motions.

Defendant does not dispute that the underlying complaint for collection does not present a federal question.  However, Defendant argues that the Court should overlook the procedural defect that stemmed from his failure to file the "cross-complaint" in response to the underlying complaint before he removed this action.[1]  First, it appears that Defendant may have misunderstood the term "cross-complaint."  A plaintiff initiates

---

[1] The Court declines Defendant's request for the Court to take notice that the complaint he filed in Case No. 2:12-cv-742-MMD-PAL ("Second Lawsuit") is a "cross-complaint."

the lawsuit by filing a "complaint."  A defendant can respond to the complaint and can assert a "counterclaim," not a "cross-complaint," against the plaintiff who sued him in the same lawsuit.  A "cross-complaint" or more properly a "crossclaim" can only be asserted by parties who are on the same side of the lawsuit.  For example, a defendant can assert a crossclaim against another defendant.  Thus, even if Defendant had filed a counter-claim in response to the complaint in this action in state court **before** he removed the action to this court, Defendant still cannot establish federal question jurisdiction.  As the Magistrate Judge explained, removal on the basis of federal question jurisdiction cannot be based on a counter-claim. (Dkt. no. 22 at 4.) Defendant recites cases that support this in his objection.  (Dkt. no. 23 at paragraph 18(e).) Regardless of how Defendant handled the removal procedurally (i.e., whether he waited to assert counterclaim or not), this Court does not possess jurisdiction, rendering removal improper.

Defendant does not dispute that the claimed damages in this case falls below the amount in controversy required for diversity jurisdiction.   However, Defendant asks the Court to add the damages he alleged in the Second Lawsuit to determine the amount in controversy.  Again, the Court cannot look to the Second Lawsuit in assessing whether jurisdiction exists in this case.  Moreover, as the Magistrate Judge correctly noted, because Defendant was a Nevada citizen at the time this action was filed in Nevada, this action cannot be removed based on diversity jurisdiction under 28 U.S.C. § 1441(b)(2).

IT IS THEREFORE ORDER that the Magistrate Judge's Report and Recommendation is adopted and accepted.

IT IS FURTHER ORDER that this case is remanded to the Justice Court, Las Vegas Township, Clark County, State of Nevada.

DATED THIS 30th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE